ON ORDER TO SHOW CAUSE
PER CURIAM.
This final appeal was commenced with the filing of a notice of appeal on February 7, 1992. Under rule 9.110(e), Florida Rules of Appellate Procedure, the clerk was required to prepare the record on appeal and serve a copy of the index to all parties within 50 days after February 7th. That time period expired March 28, 1992. Rule 9.200(e), Florida Rules of Appellate Procedure, provides:
(e) Duty of Appellant or Petitioner. The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
Before the expiration of the 50-day period, there were no applications of any kind from any party, and no enlargement of time was sought for the clerk to do his duty under rule 9.110(e).
On April 17, 1992, we received a motion from appellants’ counsel seeking an extension of 30 days from his receipt of the index to the record on appeal to serve the initial brief. The motion lacked any explanation as to why the index had not already been served, other than to say that it had not yet been prepared by the clerk of the circuit court. Conspicuously lacking before the lapse of the 50-day period was any request to compel the clerk to perform his duties timely, or any explanation by counsel as to why no enlargement of time had been sought for preparing and serving the index.
Accordingly, we entered an order denying the motion and requiring counsel to show cause why this appeal should not be dismissed or other sanctions imposed for failure to move to enlarge the time for the clerk’s duties before the lapse of the 50-day period. Counsel has now responded. In part, the response contains the following:
The undersigned has contacted other appellate practitioners, none of whom were aware that this Court was placing the burden on appellants’ counsel to submit motions for extension on behalf of the appellate division of the Circuit Court. Established practice has been that the appeals clerk would file a motion for extension (a practice followed years ago). The undersigned has just recently been informed that on occasion the Circuit Court would contact the appellant’s counsel and indicate the need for such a motion, a practice which the undersigned was unaware of until after this Court’s Order to Show Cause was issued. While recognizing that the Appellant has the burden of ensuring the preparation and transmittal of the record in accordance with the rules, the undersigned was not aware of any means of compelling the Circuit Court to perform its function within the allotted time, nor that the undersigned had authority to file a motion on behalf of the Circuit Court for the extension. Based on this established practice, and the fact that this Court has not previously indicated an intention either to strictly enforce that time limit or place the burden on the appellant to file a motion on behalf of the Clerk’s office, the undersigned did not do so in this case. * * * This Court has not previously expressed an intention to place the burden on the appellant to file a motion on behalf of the Appellate Division of the Circuit Court for an extension to prepare the record,
The response went on to recite that the index has now been prepared and the case is ready to proceed to briefing.
Because of counsel’s candid admission of misapprehension of the requirements imposed, we discharge the order to show cause. By the publication of this opinion we place everyone on notice that we read rule 9.200(e) to require an appellant to seek an enlargement of time to prepare the record and serve the index, or other appropriate relief where such is nec *603 essary, before the expiration of the period prescribed by the rules. Concomitantly, we require that motions for additional time to do something required or permitted by the rules, filed after the expiration of the original period, show some good reason why timely application was not sought.
Appellants’ initial brief shall be served within 25 days of this opinion.
IT IS SO ORDERED.
ANSTEAD, GUNTHER and FARMER, JJ., concur.